## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**RAYMOND DURANT, et al.**                                   **CIVIL ACTION**

**VERSUS**                                                   **NO. 19-147**

**GRETNA CITY, et al.**                                      **SECTION: "G"(2)**

### ORDER AND REASONS

In this litigation, Plaintiff Raymond Durant ("Durant") bring multiple claims under 42 U.S.C. § 1983 ("Section 1983") and Louisiana law against the City of Gretna ("Gretna"), Chief of Police Arthur Lawson ("Lawson"), Officer Tramell Brooks ("Brooks"), and Officer Matthew Kraly ("Kraly"), (collectively, "Defendants").[1] Before the Court is the "Motion on Behalf of Matthew Kraly to Dismiss for Failure to State a Claim Upon Which Relief can be Granted [FRCP Rule 12(b)(6)]."[2] Considering the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

This action arises from an alleged police-civilian encounter that occurred on March 16, 2018. Durant alleges that he was walking with his girlfriend, Nena Fairley ("Fairley"), from Durant's car parked near his home in Gretna, Louisiana.[3] Durant further alleges that Brooks

---

[1] Rec. Doc. 66. In the Complaint, Nena Fairley was identified as a plaintiff to the instant action. Rec. Doc. 1. On January 17, 2020, the Court granted summary judgment for Defendants on all claims alleged by former plaintiff Nena Fairley. *See* Rec. Doc. 39.

[2] Rec. Doc. 77.

[3] *Id.* at 3.

1

approached Durant and Fairley, ordered them to stop, handcuffed them, and told them that they were being detained pending an investigation.[4] According to Durant, when he asked Brooks what type of investigation was being conducted, Brooks told Durant to "shut the f*** up."[5]

Durant asserts that he then reached into his pocket for his cell phone to record the encounter on Facebook Live.[6] Kraly allegedly asked Durant what he was doing and "jumped on top of Durant, punching and kicking him."[7] Durant claims that Brooks "assisted" Kraly in punching Durant and seizing Durant's phone.[8] Durant avers that Brooks released Fairley, had Durant's car towed, and took Durant to jail.[9] En route to the jail, Durant allegedly told Brooks that he would be filing a complaint against him.[10] Durant alleges that Brooks arrested Durant for contempt of court and for violating Gretna City Ordinance 16-66.1 ("Threatening Public Officials").[11] According to Durant, these charges were dismissed on September 20, 2018.[12]

On January 9, 2019, Durant and Fairley filed a complaint in this Court against Brooks, Gretna, Lawson, and "Unidentified Parties."[13] On January 17, 2020, the Court granted summary judgment on all of Fairley's claims and all of Durant's claims except for:

(1) Durant's excessive force claim against Brooks under the Fourth Amendment;

---

[4] Id.

[5] Id. at 4.

[6] Id.

[7] Id.

[8] Id. at 5.

[9] Id.

[10] Id. at 5–6.

[11] Id. at 6.

[12] Id.

[13] Rec. Doc. 1 at 7. Kraly was not named as a defendant in the January 9, 2019 Complaint. Id.

(2) Durant's bystander-liability claim against Brooks;
(3) Durant's *Monell* claim against Gretna;
(4) Durant's battery claim against Brooks under Louisiana law;
(5) Durant's malicious prosecution claim against Brooks under Louisiana law; and
(6) Durant's vicariously liability claim against Gretna and Lawson under Louisiana law for Brooks's alleged battery and malicious prosecution.[14]

Thereafter, Brooks appealed the denial of qualified immunity.[15] On September 23, 2020, the Fifth Circuit affirmed the district court's denial of qualified immunity.[16] On December 14, 2020, Durant filed an amended complaint against Gretna, Brooks, Lawson.[17] The Amended Complaint also adds Kraly as a defendant to this action.[18] In the Amended Complaint, Durant alleges multiple claims under Section 1983 and Louisiana law against Defendants.[19]

On January 26, 2021, Kraly filed the instant motion to dismiss.[20] Durant filed an opposition to the instant motion on February 2, 2021.[21] On February 17, 2021, with leave of Court, Kraly filed a reply memorandum in further support of the instant motion.[22]

## II. Parties' Arguments

### A.   *Kraly's Arguments in Support of the Motion to Dismiss*

Kraly argues that all claims alleged against him should be dismissed because the claims are

---

[14] Rec. Doc. 39.

[15] Rec. Doc. 41.

[16] Rec. Doc. 55.

[17] Rec. Doc. 66.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 77.

[21] Rec. Doc. 80.

[22] Rec. Doc. 85.

"untimely as a matter of law."[23] Specifically, Kraly contends that both the federal claims and the state law claims are subject to the liberative prescriptive period of one year set forth at Article 3492 of the Louisiana Civil Code.[24] Kraly asserts that the "actions and events at issue in this litigation occurred on or about March 16, 2018," and Kraly was not named as a defendant until the December 14, 2020 filing of the Amended Complaint.[25] Kraly asserts that Durant has been "well-aware" of Kraly's identity for nearly two years.[26]  In support, Kraly points to references to his identity made in Defendants' March 1, 2019 Rule 26 initial disclosures, Brooks's October 14, 2019 deposition, and Durant's November 19, 2019 opposition to the motion for summary judgment.[27] Kraly also argues that the naming of a fictitious defendant "John Doe" does not interrupt prescription under Federal Rule of Civil Procedure 15(c)(3).[28]

**B.      Durant's Opposition to the Motion to Dismiss**

In opposition to the instant motion to dismiss, Durant argues that Kraly is liable along with the other defendants "jointly, severally, and *in solido*."[29] Durant contends that the Amended Complaint "asserts all the same claims of joint liability, vicarious liability, and bystander liability, as in [the] original Complaint."[30] According to Durant, the filing of the Complaint on January 9, 2019 interrupted prescription as to joint tortfeasors because "federal law adopts both Louisiana's

---

[23] Rec. Doc. 77-1 at 3.

[24] *Id.* at 3, 5.

[25] *Id.* at 3.

[26] *Id.* at 7.

[27] *Id.*

[28] *Id.* at 8

[29] Rec. Doc. 80 at 1–2.

[30] *Id.* at 2.

4

general prescription period and its tolling provisions."[31]

Durant asserts that for this reason, the question of relation back under Federal Rule of Civil Procedure 15 is irrelevant here.[32] In addition, Durant contends that the procedural posture of this case "with the trial date and other dates continued" cannot prejudice Kraly.[33] Durant also points out that Magistrate Judge Currault noted in the Order granting Durant leave to amend the Complaint that Defendants did not oppose the substitution of Kraly or argue that it would be futile to add Kraly by name as a Defendant.[34]

**C.      Kraly's Reply in Further Support of the Motion to Dismiss**

In the reply memorandum in further support of the motion to dismiss, Kraly reasserts that Durant's claims against Kraly are prescribed.[35] Kraly also reiterates that Durant has been aware of Kraly's identity since March 1, 2019—15 days prior to the expiration of the one year prescriptive period—and that Kraly has not participated in any discovery or asserted any affirmative defenses in this case.[36] Kraly asserts that requiring him to appear at this stage of the litigation will "greatly prejudice him and will unduly delay these proceedings."[37] In addition, Kraly argues that Defendants are not joint tortfeasors, and that each defendant's actions are judged separately with respect to Durant's excessive force claim.[38]

---

[31] *Id.* at 3–4.

[32] *Id.* at 4–5.

[33] *Id.* at 5.

[34] *Id.* at 3.

[35] Rec. Doc. 85.

[36] *Id.* at 5.

[37] *Id.*

[38] *Id.* at 6.

### III. Legal Standard

*A.*   *Legal Standard for on a Rule 12(b)(6) Motion to Dismiss*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[39] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[40] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[41]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[42] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[43] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[44]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[45] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[46] Similarly, "[t]hreadbare recitals of the elements of a

---

[39] Fed. R. Civ. P. 12(b)(6).

[40] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[41] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[42] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[43] *Iqbal*, 556 U.S. at 678.

[44] *Id*.

[45] *Id.* at 677–78.

[46] *Id*. at 679.

6

cause of action, supported by mere conclusory statements" will not suffice.[47] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[48]

A court considering a motion to dismiss "must limit itself to the contents of the pleadings, including attachments thereto."[49] Attachments to a motion to dismiss are, however, "considered part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim."[50] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[51]

## IV. Analysis

In the instant motion, Kraly urges the Court to dismiss Durant's claims against him because he argues the claims are prescribed under Section 1983 and Louisiana law.[52] The Fifth Circuit has instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[53]

---

[47] *Id.* at 678.

[48] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[49] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[50] *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted).

[51] *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins*, 224 F.3d at 498–99).

[52] Rec. Doc. 77.

[53] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

Federal courts must apply state statutes of limitations to claims brought under 42 U.S.C. § 1983.[54] "Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations period and tolling provisions."[55] A Section 1983 action generally accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action."[56] In addition, when presented with a state law claim, "federal courts apply state statutes of limitations and related state law governing tolling of the limitation period."[57] Pursuant to Louisiana Code of Civil Procedure article 3492, delictual actions are subject to a one-year prescriptive period.[58]

Durant's claims arise out of allegations that Kraly acted with excessive force by "punching and kicking" Durant during a police encounter on March 16, 2018.[59] Durant and Fairley filed the Complaint on January 9, 2019, naming Gretna, Lawson, and Brooks as Defendants along with "John Doe, individually and in his official capacity as a Gretna Police Officer" and "Jane Doe, individually and in her official capacity as a Gretna Police Officer."[60] Thereafter, on December 14, 2020, Durant filed an Amended Complaint naming Gretna, Lawson,

---

[54] *See Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993).

[55] *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999).

[56] *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992) (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

[57] *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989).

[58] La. Civ. Code Ann. art. 3492.

[59] Rec. Doc. 66 at 3–4.

[60] *Id.* at 1. Specifically, Durant alleged that John Doe is "a person of the full age of majority whose identity is currently unknown to Complaints, who was at all times material hereto employed by the Gretna police Department as a K-9 Police Officer, acting in the course and scope of his employment, and enforcing the customs, polices, and procedures of The City of Gretna and the Gretna Police Department and the ordinances and laws The City of Gretna and State of Louisiana." *Id.* at 2.

Brooks, and Kraly as defendants to the instant action.[61] Because Kraly was not named as a defendant until December 14, 2020, Durant's Section 1983 and state law claims against Kraly are facially prescribed unless the prescriptive period was interrupted.[62]

Nevertheless, Durant argues that Kraly is liable "jointly, severally, and *in solido*" with Gretna, Lawson, and Brooks, and that the filing of the Complaint on January 9, 2019 therefore interrupted prescription with respect to Kraly.[63] Kraly counters that despite Durant's allegations, Defendants are not joint tortfeasors.

Under Louisiana law, the interruption of prescription against one solidary obligor is effective against all solidary obligors.[64] Additionally, an interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.[65] "However, a suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, since no joint or solidary obligation would exist."[66]

---

[61] Rec. Doc. 66. In the Amended Complaint, Durant also references "Jane Doe." *Id.* at 5.

[62] In addition, the fact that Kraly was substituted for a "John Doe" defendant in the January 9, 2019 Complaint does not alter the Court's finding that the claim against Kraly is facially prescribed unless the prescriptive period was interrupted. Federal Rule of Civil Procedure 15(c) pertinently provides that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the party to be brought in by amendment . . . knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen v. Osborne,* 133 F.3d 315, 320 (5th Cir. 1998) (internal citation omitted). In *Jacobsen v. Osborne,* the Fifth Circuit held that an amendment to substitute a named party for a "John Doe" defendant does not relate back under Rule 15(c) because for a "John Doe" defendant, "there was no 'mistake' in identifying the correct defendant; rather, the problem was not being able to identify that defendant." *Id.* at 321.

[63] Rec. Doc. 80 at 1–4.

[64] La. Civ. Code. arts. 1799 and 3503; *see also Cormier v. Clemco Servs. Corp.*, 48 F.3d 179, 181 (5th Cir. 1995) (applying Louisiana law to toll the plaintiff's claims under both state and federal law).

[65] La. Civ. Code. art. 2324(C).

[66] *Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 2001-1646 (La. 2/26/02), 809 So. 2d 947, 950 (citing

In *Sanchez v. Tangipahoa Parish Sheriff's Office*, a case before another district judge in the Eastern District of Louisiana, the plaintiffs alleged that they were decedents of an individual who was shot and killed by defendants during the course and scope of their duties as deputies and law enforcement officials.[67] The plaintiffs filed suit against the City of Hammond, the Tangipahoa Parish Sheriff's Department, and Tangipahoa Sheriff Daniel Edwards, along with unknown sheriff's deputies and unknown police officers, alleging violations of Section 1983 and various state law claims.[68] The plaintiffs alleged that the "defendants are liable individually, jointly and *in solido* for their actions."[69] The plaintiffs later amended the complaint to add the officers allegedly responsible for the shooting.[70] The defendants argued that the claims against the officers had prescribed under Louisiana law.[71] The Magistrate Judge found that "because the plaintiffs' [sic] alleged that the defendants are liable jointly and *in solido,* their timely filing of the complaint interrupted prescription against all joint tortfeasors."[72] The defendants objected, arguing that federal law prohibited plaintiffs' claims against the officers from relating back to the original complaint.[73]

The District Judge affirmed the ruling of the Magistrate Judge, finding that the timely

---

*Spott v. Otis Elevator Co.*, 601 So. 2d 1355 (La. 1992)).

[67] *Sanchez v. Tangipahoa Par. Sheriff's Off.*, No. 08-1227, 2010 WL 1729381, at *1 (E.D. La. Apr. 22, 2010) (Lemmon, J.).

[68] *Id.*

[69] *Id.*

[70] *Id.*

[71] *Id.*

[72] *Id.*

[73] *Id.*

filing of the complaint interrupted prescription of the plaintiffs' claims against the officers because the plaintiffs "allege[d] in their original complaint and first amended complaint that the 'defendants are liable individually, jointly and *in solido* for their actions alleged herein.'"[74] The District Judge noted that "should it be determined that the defendants are not solidary obligors or joint tortfeasors, prescription will not be interrupted as to the other joint tortfeasors/solidary obligors not timely sued since no joint or solidary obligation exists," and that "if it is later determined that the defendants timely sued have no liability, prescription of the plaintiffs' claims against [the officer defendants] will not be interrupted."[75]

As in *Sanchez*, Durant alleges in the Complaint and the Amended Complaint that Defendants are liable "jointly, severally, and *in solido*, for the intentional, malicious, reckless, and/or otherwise-tortious conduct."[76] Durant alleges, in part, that "Brooks and Kraly knew of each other's excessive use of force and battery of Durant but took no steps to prevent or end it."[77] Therefore, Durant has alleged facts to support his claim that Brooks and Kraly are joint tortfeasors. However, if at a later stage of the proceedings it is determined that the defendants are not solidary or joint tortfeasors, prescription would not be interrupted as to Kraly.

---

[74] *Id.* at *2.

[75] *Id.*

[76] Rec. Doc. 1 at 3; Rec. Doc. 66 at 3.

[77] *Id.* at 7.

**V. Conclusion**

Considering the foregoing reasons,

**IT IS HEREBY ORDERED** that the "Motion on Behalf of Matthew Kraly to Dismiss for

Failure to State a Claim Upon Which Relief can be Granted [FRCP Rule 12(b)(6)]"[78] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ____23rd____ day of March, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[78] Rec. Doc. 77.