UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAYMOND DURANT, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-147 |
| THE CITY OF GRETNA, ET AL. | * | SECTION "G" (2) |

**ORDER AND REASONS**

Pending before me is a Motion for Sanctions for Failure to Comply with Discovery Order filed by Defendants Tramell Brooks and Matthew Kraly, both individually and in their official capacities as Gretna Police officers, and the City of Gretna. ECF No. 122. Plaintiff Raymond Durant filed a timely opposition. ECF No. 129. Defendants sought leave and filed a Reply. ECF Nos. 132–134. No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the written submissions of counsel, and the applicable law, the motion is GRANTED IN PART AND DENIED IN PART for the reasons set forth herein.

**I.   BACKGROUND**

Plaintiffs Raymond Durant and Nena Fairley filed this action under 42 U.S.C. § 1983 and state law claims after an encounter with officers in the Gretna Police Department which ultimately led to Plaintiff's arrest and subsequent charges, which were later dropped. *See* ECF Nos. 1; 66. The Court granted summary judgment on all of Plaintiffs' claims except claims of excessive force under the Fourth Amendment, bystander-liability, battery under Louisiana law, and malicious prosecution claim under Louisiana law against Officer Tramell Brooks, as well as a *Monell* claim against the City of Gretna and a vicarious tort claim against the City of Gretna and Chief of Gretna

1

Police Department Arthur Lawson. ECF No. 39. The Court later dismissed claims against Chief of Police Arthur Lawson as duplicative of those against the City of Gretna. ECF No. 124.

The Court issued an amended Scheduling Order continuing, at Defendants' request, the deadline for completion of discovery to August 16, 2021. ECF No. 96. On August 10, 2021, the Court extended the discovery deadline to August 31, 2021 for the limited purpose of completing discovery regarding Plaintiff's medical treatment. ECF No. 118. On October 1, 2021, the Court continued the pretrial conference and the trial (to January 24, 2022) and allowed another thirty days for discovery as to Plaintiff's medical treatment only. ECF No. 131. All other deadlines, including the latest discovery deadline of August 16, 2021, remained unchanged.

In this motion, Defendants request that the Court sanction Plaintiff Raymond Durant under Fed. R. Civ. P. 37 for not complying with a previous Order requiring Plaintiff to provide discovery. *See* ECF No. 122. Defendants propounded a Second Set of Interrogatories and Requests for Production of Documents on May 14, 2021. ECF No. 120, at 3; *see also* ECF Nos. 41; 55. After receiving what they alleged to be incomplete and deficient responses belatedly, Defendants filed a Motion to Compel. *See* ECF No. 104. By order dated August 11, 2021, this Court granted in part and denied in part Defendants' Motion to Compel and ordered Plaintiff Raymond Durant to supplement his discovery responses within 7 days (i.e., by August 18, 2021). ECF No. 104, at 15–16.

Specifically, the Court ordered Plaintiff Durant to (1) produce either in full his personal and business tax returns for 2017–20 or deliver to Defendants signed authorizations for the same time period; (2) produce responsive documents or state none exist after a diligent search for Request for Production Nos. 25 and 34 (regarding an interaction with the New Orleans Police Department and messages about suicidal ideation); (3) produce documents in response to Request

for Production Nos. 29, 30, & 33 (relating to Plaintiff Durant's businesses) as limited by the Court's order to only include copies of contracts, estimates, appraisals, worksheets, proposals or invoices from 2019–2021; and (4) produce documents in response to Request for Production No. 26 (audio and/or video recordings or photographs of alleged incidents with Gretna Police Department), No. 35 (professional licenses and certifications), and No. 36 (1310 Teche Street Housing Information). *See* ECF No. 120, at 10–15.

Defendants filed the current Motion for Sanctions, alleging that Plaintiffs failed to comply with the Court's August 11, 2021 Order by only producing three video recordings (two from the same incident) without any information regarding the recordings, such as the date or who recorded. Defendants acknowledged Plaintiff produced tax authorizations one day late, but assert that no other supplemental discovery responses or any other documents were provided, as ordered by the Court. ECF No. 122-1, at 2. Due to Plaintiff's failure to respond timely and with complete responses, Defendants request that the Court dismiss Plaintiff Durant's claims regarding past and future lost earnings and loss of earning capacity, bar Plaintiff from presenting any evidence or testimony regarding other police interaction other than the March 16, 2018 incident, and order Plaintiff to pay all reasonable expenses and attorney's fees incurred by Defendants in filing the Motion to Compel and the Motion for Sanctions. *Id.* at 3–4.

In his Opposition, Plaintiff Durant argues he has provided Defendants with "all of the documents and things in his possession that are subject to Defendants Rule 37 Motion for Sanctions [and] Motion to Compel" addressed in the Court's August 11 Order. ECF No. 129, at 1. Plaintiff states he delivered tax authorizations while at the office of Defendants' counsel on August 19, 2021 and all video recordings in Plaintiff's counsel possession on August 5, 2021. *Id.* at 1. Plaintiff Durant also asserts that he delivered any business records in his possession at the

3

time of the filing of the Opposition. *Id.* As to the other Requests for Production regarding professional licenses and/or certifications and documents relating to 1310 Teche Street, Plaintiff states that he made a diligent effort to locate information regarding either, but has no documents in his possession. *Id.* at 2. Plaintiff argues that any delay in getting discovery responses or documents to Defendants was not willful or in bad faith, and Defendants have not been prejudiced. *Id.* at 3.

In their Reply, Defendants assert that Plaintiff Durant failed to provide any supplemental responses by August 18, 2021 as required in the August 11 Order. ECF No. 134, at 2. Defendants agree that Plaintiff did execute a tax authorization at counsel's office on August 19; however, Defendants assert no other discovery responses were provided at that time and deny any agreement between parties for an extension of time. *Id.* at 3. Defendants state it was not until forty days after the Court's deadline, on September 28, 2021 and the day the Opposition to this Motion was due, that Plaintiff Durant sent responses as required by the Court's Order. *Id.* at 4. Even then, Defendants argue that the responses are insufficient as Plaintiff did not provide documents or items he said were in his possession during his deposition, and the screenshots or invoices relating to Plaintiff's businesses contain no information about the information they purport to contain. *Id.* at 7–9.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 37, the Court may issue sanctions for a party's failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2). The Court has wide latitude in determining the appropriate sanction,[1] which includes not only the sanctions requested by

---

[1] *Quintero v. Balboa Ins. Co.*, No. 08-1527, 2009 WL 382506, at *1 (E.D. La. Feb. 11, 2009) (recommending dismissal as the case represented an "extreme circumstance" where Plaintiff willfully and in bad faith failed to cooperate with counsel and show up for multiple court hearings); *see also Wyatt v. Morial*, No. 98-0466, 1999 WL 345500, at *1 (E.D. La. May 25, 1999) (stating "[f]ederal courts have the power to impose sanctions for failure to

Defendants in this matter – "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence" – but also other sanctions such as dismissing the action or any portion of the action, or treating the failure to obey as contempt of court.  Fed. R. Civ. P. Rule 37(b)(2)(A)(i)–(vii).  The Court also has authority to impose sanctions in the form of reasonable attorney's fees:[2]

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . ., the court where the action is pending may issue further just orders . . . Instead of or in addition to [the allowed sanctions], the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added).

Courts have a duty to impose the least severe sanction that is sufficient to deter future conduct.[3]  Sanctions under Rule 37 are appropriate where there is willful disobedience or gross indifference, not when the failure to comply was outside the party's control.[4]  The primary purpose of the rule is "designed to empower the court to compel production of evidence by the imposition of reasonable sanctions."[5]  "Sanctions under Rule 37 serve the dual function of reimbursing the

---

comply with discovery orders under Fed. R. Civ. P. 37" and recommending dismissal for repeated failure to comply with discovery orders).
[2] *Lytal Enters., Inc. v. Newfield Expl. Co.*, No. 06-33, 2006 WL 3366128, at *1 (E.D. La. Nov. 17, 2006) (citing Fed. R. Civ. P. 37(b)(2)) ("The court's authority to hold parties who disobey its discovery orders in contempt and/or to impose sanctions in the form of reasonable attorney's fees and costs is unquestioned.").
[3] *Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 497, 501 (N.D. Tex. Apr. 18, 2016) (citing *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996)); *Thomas v. Cap. Sec. Servs.*, 836 F.2d 866, 877–78 (5th Cir. 1988).
[4] *Orchestrate HR, Inc.*, 178 F. Supp. 3d at 500 (citing *Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970)).
[5] *Id.* (internal quotations omitted) (quoting *Dorsey*, 423 F.2d at 860); *Parkcrest Builders, LLC v. Housing Auth.*, No. 15-01533, 2017 WL 6388511, at *5 (E.D. La. Dec. 14, 2017) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)) ("The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.").

moving party and deterring the violator of the discovery orders (as well as other potential violators)."[6]

For dismissal under Rule 37(b), the Fifth Circuit requires a finding of bad faith or willful conduct–beyond an inability to comply–and considers other factors.[7] The "harsh sanction of dismissal is not favored except in extreme circumstances."[8] Courts examine whether the deterrent value of dismissal under Rule 37 cannot substantially be achieved by the use of less drastic sanctions, or if the party's preparation for trial was substantially prejudiced, or if the negligence is plainly attributable to the attorney, not the client, rendering dismissal inappropriate.[9] Further, the Fifth Circuit has suggested that courts provide fair notice to litigants before claims become subject to dismissal.[10]

### III.    ANALYSIS

In this Motion, Defendants request the Court to dismiss Plaintiff Durant's claims regarding past and future lost earnings and loss of earning capacity, to bar Plaintiff from presenting any evidence or testimony regarding any police interactions other than the March 16, 2018 incident, and to order Plaintiff to pay all reasonable expenses and attorney's fees incurred by Defendants in the filing of the Motion to Compel and Motion for Sanctions. ECF No. 122, at 3–4. Plaintiff

---

[6] *Orchestrate HR, Inc.*, 178 F. Supp. at 500–01 (internal quotations omitted) (quoting *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986)).
[7] *Quintero*, 2009 WL 382506, at *2 (E.D. La. Feb. 11, 2009) (adopting report and recommendation to dismiss case as it was "one of those rare cases that merits extreme justice" when Plaintiff repeatedly failed to cooperate).
[8] *Id.* (internal quotations omitted); *see also Owens v. Dillard Univ.*, No. 01-3432, 2002 WL 1009477, at *1 (E.D. La. May 16, 2002) (citing *Batson v. Neal Assocs., Inc.*, 765 F.2d 511,515 (5th Cir. 1985)) ("The Fifth Circuit has noted, however, that dismissal with prejudice is a 'draconian remedy,' which the district court should impose only as a matter of last resort.").
[9] *Quintero*, 2009 WL 382506, at *2; *Owens*, 2002 WL 1009477, at *1 (citing *F.D.I.C. v. Conner*, 20 F.3d 1376, 1380 (5th Cir. 1994)).
[10] *Williams v. Res-Care, Inc.*, No. 17-10200, 2020 WL 5942211, at *3 (E.D. La. Oct. 7, 2020) (citing *Moore v. CITGO Ref. & Chems. Co., L.P.*, 735 F.3d 309, 316 (5th Cir. 2013) (permitting dismissal after second discovery order unambiguously and specifically stated: "Plaintiffs who are found to have violated this Court's order . . . will have their claims dismissed."); *Chisesi v. Auto Club Family Ins. Co.*, 374 F. App'x 475, 477 (5th Cir. 2010) (holding dismissal warranted after second discovery order that specifically warned plaintiff that failure to comply would result in dismissal of the case because it proved lesser sanctions were in fact ineffective).

Raymond Durant did fail to comply with this Court's August 11 Order, by not producing signed tax authorizations until one day after the authorizations were due (*see* ECF No. 134-1, at 8), and by not providing the rest of the supplemental responses until September 28, 2021, forty one days late (*see id.* at 12).  However, Plaintiff Durant did eventually comply with the Court's August 11 Order and there is no evidence of repeated violations of discovery orders or other evidence constituting bad faith or willful conduct by Plaintiff or his counsel.  Therefore, the most severe sanctions of dismissal of Plaintiff's claims, prohibition against presenting evidence, or contempt of court, are inappropriate in this circumstance.[11]

A finding of bad faith or willful conduct would be necessary to impose the "draconian remedy of dismissal," and is "reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with multiple court orders."[12]  "[I]t is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice of a claim or affirmative defense."[13]  Plaintiff Durant's lateness in complying with this Court's discovery Order, while careless and frustrating, does not constitute bad faith or willful conduct.  Accordingly, movant has not established the extreme circumstance required for dismissal of any claims.

---

[11] *See Bombardier v. State Farm Fire & Cas. Co.*, No. 16-568, 2016 WL 4799098, at *2 (E.D. La. Sept. 14, 2016) (Wilkinson, J.) (holding the "severest" sanctions, like contempt or dismissal, are unwarranted when the plaintiff did not ignore the court's order altogether, though the plaintiff was six days late and provided deficient responses); *Richardson v. BNSF Ry. Co.*, No. 13-5415, 2014 WL 5317866, at *3 (E.D. La. Oct. 16, 2014) (citing *U.S. Trade Ass'n v. Guddh*, 565 Fed. App'x 280 (5th Cir. 2014) (striking a party's pleadings)) ("[P]recluding the testimony of the three deponents at trial or any hearing and striking defenses – are appropriately imposed only in situations involving intentional or willful misconduct or bad faith."); *Owens*, 2002 WL 1009477, at *1 (holding that dismissal without prejudice inappropriate where plaintiff failed to timely comply with the discovery order but did submit responses).
[12] *Bombardier*, 2016 WL 4799098, at *2 (citing cases).
[13] *Id.* at *2 (internal quotations omitted) (quoting *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011)).

7

Defendants also argue that the supplemented responses are insufficient as to Requests for Production Nos. 25 (NOPD Interactions), 34 (text messages regarding suicidal ideations), 35 (professional licenses and certifications of Durant), and 36 (information regarding 1310 Teche Street), as Plaintiff Durant testified in his deposition that he possessed many of these documents but in his supplemented responses to these Requests, he states that, after a diligent search effort, he either cannot locate the documents or has produced everything in his possession. ECF No. 134, at 6–9. For responses regarding video recordings (Request for Production No. 26) and business documents (Request for Production Nos. 29, 30, and 33), Defendants argue this production is deficient as the provided documents or recordings contain no information about the details they purportedly contain or show. While this Court can sanction Plaintiff Durant for responding late to its August 11 Order, this Court cannot sanction Plaintiff for not producing items that, after diligent search, he cannot locate in his actual or constructive possession, custody or control. Plaintiff is under a broad duty to disclose all documents or materials that fit the definition of relevance for the purpose of discovery – whether the documents are good, bad, or indifferent.[14] But as previously stated in the Court's August 11 Order, a court cannot compel a party to produce a document that does not exist.[15] Thus, while Plaintiff's responses were late, he has certified that he performed a diligent search effort for all the Requests. Assuch, this Court cannot sanction Plaintiff for having testified at a deposition that he possessed something which turns out, after a diligent search, he does not possess.

---

[14] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011), *objections overruled*, 284 F.R.D. 374 (E.D. La. 2012) (citation omitted).

[15] *Butler v. La. Dep't of Pub. Safety & Corrs.*, No. 12-420-BAJ-RLB, 2014 WL 3867552, at *1 (M.D. La. Aug. 6, 2014); *Payne v. Forest River Inc.*, No. 13-679, 2015 WL 1912851, at *4 (M.D. La. Apr. 22, 2015) ("The court cannot order the production of documents that no longer exist, or despite a diligent search, cannot be found in the possession, custody, or control of a party.")

Furthermore, the Court will not limit Plaintiff from producing evidence on matters to which the Requests for Production at issue relate. If, however, Plaintiff attempts to offer documentary evidence that he did not produce during discovery, he would be barred from using such evidence in future motions or at trial.[16] It is premature for the Court to address that matter at this time, however, because there is no indication that Plaintiff intends to offer any such evidence.

While this Court will not implement the harsher sanctions requested by Defendants under Fed. R. Civ. P. 37, the Court will require Plaintiff to pay any expenses, including attorneys' fees, that resulted from his failure to timely respond to this Court's August 11 Order, including the expenses and fees required to prepare and file the current Motion for Sanctions. Under Fed. R. Civ. P. 37(b)(2)(C), the court "*must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust." The reasons for the 41-day delay articulated by Plaintiff's counsel do not constitute substantial justification as counsel should have filed an expedited motion with the Court to extend its deadline were compliance not possible. Accordingly, Defendants are entitled to recover the costs and attorney's fees associated with the filing of this Motion for Sanctions. The Court will not,

---

[16] *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *James v. Haven Homes Se., Inc.*, No. 08-770, 2011 WL 777971, at *3 (M.D. La. Feb. 28, 2011) (citing Fed. R. Civ. P. 37(c) in determining that certain exhibits are inadmissible as Plaintiff cannot establish that they were produced); *see also Brown v. AT&T*, 236 F. Supp. 3d 1000, 1005 (S.D. Tex. Feb. 15, 2017) (holding that Plaintiff was required to disclose emails used to support his claims during discovery pursuant to Rule 26(a) and thus, under Rule 37(c)(1), was prohibited from using the emails to support his summary judgment as he provided no substantial justification not disclosing the emails); *Henderson v. Turner*, No. 11-39, 2013 WL 504925, at *2 (M.D. La. Feb. 8, 2013) (excluding any evidence in an exhibit that was not disclosed to defendants during discovery, unless the evidence qualifies as a document that can be obtained from defendants); *ContentGuard Holdings, Inc. v. Amazon, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 6886957, at *2 (E.D. Tex. Nov. 7, 2015) (excluding evidence in an expert report that was not produced to a party prior to the close of discovery).

however, award any expenses or fees relating to the previous Motion to Compel (ECF No. 104) as any such request is untimely.

## IV.     CONCLUSION

While Plaintiff did not timely respond to this Court's August 11 Order, Plaintiff did eventually produce the required responses. Therefore, in exercising its discretion under Fed. R. Civ. P. 37, the Court finds that the failure to timely deliver documents does not constitute bad faith or willful conduct to warrant dismissal or restrictions on introducing evidence. However, the Court awards Defendants the expenses and fees incurred in filing this motion under Fed. R. Civ. P. 37(b)(2)(C), which motion led to Plaintiff's production of documents 41 days after the August 18, 2021 deadline.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion for Sanctions (ECF No. 122) is DENIED IN PART AND GRANTED IN PART as stated herein;

IT IS FURTHER ORDERED that Defendants may jointly file with the Court within seven (7) days a supplemental memorandum with supporting documentation and necessary affidavits to recover the fees and expenses incurred in connection with the filing of this motion, in accordance with Fed. R. Civ. P. 37(b)(2)(C).

New Orleans, Louisiana, this 2nd day of November, 2021.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE